IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CURTIS POTTS                              *

    Plaintiff,                          *

    v.                                      *          2:09-CV-974-ID
                                                        (WO)
PIKE COUNTY SHERIFF'S OFFICE    *

    Defendant.                          *

_____

**O R D E R**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that Plaintiff, Curtis Potts, fails to properly name and identify defendants responsible for the alleged violations of his constitutional rights. Plaintiff lists "Pike County Sheriff's Office" as a defendant. This entity is not subject to suit in a 42 U.S.C. § 1983 action. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, the complaint contains claims that are not related to each other. That is, this action contains claims based on a dispute over medical care and treatment, outdoor exercise, inmate safety, access to courts, hygiene matters, and access to legal materials and medication. The complaint fails to identify factual allegations material to specific counts lodged against jail officials with respect to any violations of Plaintiff's constitutional rights. Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein. *See*

*Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001); *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996); *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998).

Accordingly, it is

ORDERED that on or before **November 20, 2009** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). ***The amended complaint filed in compliance with this order shall supersede the original complaint***. This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.

It is ORDERED that Plaintiff's amended complaint shall:

1. Identify specific claims relative to ***actions taken against him*** by those persons named as defendants and list these claims in separate counts;

2. Describe with clarity those factual allegations that are material to each specific count against the named defendants; and

3. Describe how the named defendants violated ***his*** constitutional rights.

It is further ORDERED that:

4. The claims in the amended complaint should be less numerous than those contained in the original complaint due to the following pleading requirements. It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related

to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.  Plaintiff must, therefore, decide on which claim(s) he will proceed in this action;

   5.  Plaintiff's amended complaint filed pursuant to the instant order shall contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

   6.  Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

   Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein. Plaintiff should affix the case number of the instant action to the complaint form he prepares in response to this order, *i.e.,* Civil Action No. 2:09-CV-974-ID.

DONE, this 5th day of November 2009.

      /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE