IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CURTIS POTTS                          *

    Plaintiff,                    *

    v.                            *            2:09-CV-974-ID
                                                   (WO)
RUSSELL THOMAS, *et al.*,             *

    Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on October 19, 2009. At the time he filed this complaint, Plaintiff was incarcerated at the Pike County Jail located in Troy, Alabama. Plaintiff submitted a notice of change of address on November 24, 2009 indicating that he was transferred to the Barbour County Jail in Clayton, Alabama. On December 21, 2009 the envelope containing Plaintiff's copy of correspondence from the court was returned to the court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward," because Plaintiff was no longer at the most recent address he had provided to the court. Consequently, an order was entered on January 4, 2010 directing Plaintiff to provide the court with his present address on or before January 11, 2010. (*Doc. No. 16*.) Plaintiff was cautioned that his failure to comply with the court's January 4 order would result in a recommendation that this case be dismissed. (*Id*.) The envelope containing Plaintiff's copy of this order was returned to the court on January 15, 2010 marked as undeliverable.

All parties have an affirmative duty to inform this court of any change of address

during the pendency of their actions. Plaintiff received notice of this requirement in the court's November 18, 2009 order of procedure. (*Doc. No. 7*.) Upon review of the pleadings filed in the instant matter, it is clear that the court file does not contain an alternate address for Plaintiff and that he has not provided this court with a current address. The undersigned, therefore, concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 3, 2010.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of February, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE